(23 Misc. Rep. 326.)

## DELMAGE v. CROW.

(Supreme Court, Appellate Term.   April 27, 1898.)

ACTION FOR ASSAULT—EVIDENCE.

In an action by a servant who had been employed on defendant's private
car, to recover damages for an alleged assault committed by him, the plain-
tiff testified that when defendant, after the assault, sent to her for signature
a certain receipt for wages, the messenger had said that, if plaintiff did not
sign it, she "would be kicked out of the car." The court admitted this tes-
timony over defendant's objection; but, when defendant was examined on
his own behalf, the court would not allow him to disavow any instructions
or authority from him to the messenger to make the threat. *Held* error.

Appeal from city court of New York, general term.

Action by Rachel Delmage against Moses R. Crow. From a judg-
ment of the general term (49 N. Y. Supp. 1004) affirming a judgment on
a verdict, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-
GERICH, JJ.

Franklin Bien, for appellant.
Frederick E. Anderson, for respondent.

BEEKMAN, P. J.   The respondent sued the appellant to recover
damages for an alleged assault and battery.  The latter denied the
charge, but also set up by way of affirmative defense a release from the
respondent.   The paper, however, which is relied upon in support of
this plea, was not under seal, but was simply in the form of a receipt
signed by the respondent, acknowledging the payment to her by the
appellant of the sum of $8.50, "in full of all claims and demands." The
respondent was a servant of the appellant, and, at the time the receipt
was given, had been discharged by him, and, according to his own testi-
mony, the money so paid was for wages which were due to her.   No
accord and satisfaction with respect to the alleged assault was set up
in the answer or proved upon the trial.   On the contrary, the appel-
lant maintained to the end of the trial that the testimony of the re-
spondent in support of her complaint was absolutely false, and that,
at the time the receipt was given and the money paid, nothing was
said upon the subject.   The respondent testified that the receipt in
question was sent by the appellant to her for her signature two days
after the alleged assault, through a fellow servant named Anna Far-
rell; and, on her direct examination, she was allowed to give the fol-
lowing evidence with respect to this paper: "Q. Anna asked you to
sign it, and, if you did not, you would be kicked off the car? A. Yes."
Counsel for the appellant objected, but the court overruled the objec-
tion, and an exception was taken. The respondent at that time was
on the private car of the appellant at Chicago, and the latter, with his
family, was then staying at an hotel in that city.   The appellant was
subsequently examined on his own behalf, when he was asked by his
counsel whether he said anything to Anna with respect to the receipt
except to procure the respondent's signature.   The question, how-
ever, was excluded by the court, upon the objection of counsel for
the respondent, to which ruling an exception was taken.   The respond-

ent refused to sign the receipt when it was thus presented to her, but did so shortly afterwards, upon the personal request of the appellant. At the time of this request, there were no threats of any kind made by the appellant to her. All that passed between them was an inquiry on his part if she would sign the paper, and her assent.

We think the court erred in refusing to allow the appellant to disavow any instructions or authority from him to Anna Farrell to make the threat, which, as the respondent testifies, was associated with the demand made upon her for her signature. Assuming that the respondent was entitled to show all that took place with respect to the receipt for the purpose of explaining her motives in ultimately signing it, the evidence which she gave that she was told she would be kicked off the car if she failed to sign it was calculated to inflame the minds of the jury against the appellant, and, it may reasonably be inferred, contributed to swell the large verdict which was rendered against him. The jury may well have inferred that the threat came from the appellant, as it is conceded that the paper was brought to the respondent by a person who was authorized by him to present it to her for signature. Under these circumstances, he was entitled, in all fairness, to disclaim any responsibility whatsoever for the offensive and minatory language that was used. The respondent had testified that she had been most atrociously beaten and maltreated by him. It is true that her story was absolutely denied by him, but the jury preferred to believe her; and such belief must have been accompanied by a feeling of deep indignation on their part against him, and doubtless prompted a determination to render such a verdict as would punish him, as well as compensate her for what she had suffered. It was therefore a matter of prime importance to the appellant, and justice demanded no less than that he should be allowed to show that the threat so made was in no way sanctioned by him, especially as the issue was so close that the impression produced upon the jury by the testimony complained of may well have tipped the balance in favor of the respondent. We think it was error to exclude the evidence of the appellant upon this point, for which the judgment should be reversed.

The respondent cannot reasonably complain of a situation, which is of her own creation. The receipt was not in evidence at the time, and was not offered until the appellant entered upon this proof. Any explanation which it was desirable she should make with respect to it properly formed a part of her rebuttal, and, had the objection been made on this ground when she was questioned by her counsel with respect to the matter, the court would doubtless have excluded it. Had this course been pursued, and had the reception of the receipt in evidence been objected to by the respondent's counsel when it was offered by the appellant, it would doubtless have been excluded, as it was not a release, and, according to the appellant's own testimony, had nothing whatsoever to do with any claim on the part of the respondent with respect to the matters alleged in her complaint. There would then have been no occasion for an explanation of the signing of the receipt, such as the appellant was allowed to give. The conclusion cannot be avoided that the evidence with respect to this receipt was injected into the respondent's case by her counsel, rather for the pur-

pose of inflaming the minds of the jury against the appellant than to explain her conduct in signing a paper which had not as yet been offered in evidence, and was not before the court and jury.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.